UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

IN RE:                          )
                                )   Chapter 7
WILLIAM J. KNOWLES              )
CHRISTINA M. KNOWLES            )
                                )   Bankruptcy No. 04-01737
        Debtors.               )
_____ )
PEOPLES STATE BANK OF ALBIA     )
                                )   Adversary No. 04-30156
        Plaintiff,             )
                                )
vs.                             )
                                )
WILLIAM J. KNOWLES              )
CHRISTINA M. KNOWLES            )
                                )
        Defendants.            )

## ORDER RE: MOTION FOR SUMMARY JUDGMENT

This matter came before the undersigned on October 7, 2005 on Defendant's Motion for Summary Judgment. Debtors/Defendants William and Christina Knowles were represented by attorneys Jerry Wanek and Kyle Jackson. Plaintiff Peoples State Bank of Albia was represented by attorney Steve Goodlow. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

The Bank's complaint seeks to except debt from discharge under §§ 523(a)(2), (4) and (6). Debtors move for summary judgment, arguing that undisputed facts indicate the Bank cannot satisfy the elements of these sections of § 523(a). The Bank responds that issues of fact exist regarding the scienter or actual intent of Mr. Knowles.

The Bank's complaint names Debtor Christina Knowles as a Defendant. She has now been dismissed as a Defendant in this proceeding by stipulation between the parties. Debtors'

Motion for Summary Judgment thus relates solely to Debtor/Defendant William Knowles.

Debtor William Knowles had a line of credit with the Bank to purchase cattle for his farming operation. He drew upon the loans by making telephonic requests for loan proceeds to be deposited in his general farm account at the Bank. It is undisputed that Mr. Knowles spent funds from the farm account on gambling.

Debtor asserts he always intended to pay back any amounts drawn off the loan and did not intend to cause financial injury to the Bank. He argues that, as the Bank has no evidence of his intent to defraud or harm the bank, he is entitled to summary judgment. The Bank argues that sufficient evidence exists to give rise to a finding of nondischargeability.

## CONCLUSIONS OF LAW

The Eighth Circuit recognizes "that summary judgment is a drastic remedy and must be exercised with extreme care." Wabun-Inini v. Sessions, 900 F.2d 1234, 1238 (8th Cir. 1990). The Eighth Circuit has also recognized that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Wabun-Inini, 900 F.2d at 1238 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)). In considering a motion for summary judgment, the Court must determine whether the record, viewed in a light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. In re Cochrane, 124 F.3d 978, 981-82 (8th Cir. 1997).

After the moving party points out the absence of evidence to support the nonmoving party's case, the nonmoving party "must advance specific facts to create a genuine issue of material fact for trial." A genuine issue of material fact exists if the evidence is sufficient to allow a reasonable [factfinder] to return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in favor of the nonmoving party's

2

position is insufficient to create a genuine issue
of material fact.

<u>Rabushka v. Crane Co.</u>, 122 F.3d 559, 562 (8th Cir. 1997)
(citations omitted).

Summary judgment must be granted with caution when a
party's mental state or intent is at issue, as usually such
issues raise questions for determination by a factfinder.
<u>United States v. One 1989 Jeep Wagoneer</u>, 976 F.2d 1172, 1176
(8th Cir. 1992).   Questions involving a person's state of
mind are generally factual issues inappropriate for resolution
by summary judgment.  <u>In re Fishman</u>, 215 B.R. 733, 735 (Bankr.
E.D. Ark. 1997) (denying summary judgment for causes of action
under § 727(a)); <u>In re Earhart</u>, 68 B.R. 14, 17 (Bankr. N.D.
Iowa 1986) (surmising it is highly unlikely summary judgment
in a § 523(a)(2) action would ever be appropriate).

Plaintiff must prove the elements of its claim under
§ 523(a) by a preponderance of evidence.  <u>Grogan v. Garner</u>,
498 U.S. 279, 285 (1991).  Exceptions to discharge must be
"narrowly construed against the creditor and liberally against
the debtor, thus effectuating the fresh start policy of the
Code.  These considerations, however, 'are applicable only to
honest debtors.'"  <u>In re Van Horne</u>, 823 F.2d 1285, 1287 (8th
Cir. 1987).

A creditor proceeding under § 523(a)(2)(A) must prove the
following elements: (1) the debtor made representations; (2)
at the time made, the debtor knew them to be false; (3) the
representations were made with the intention and purpose of
deceiving the creditor; (4) the creditor justifiably relied on
the representations; and, (5) the creditor sustained the
alleged injury as a proximate result of the representations
having been made.  <u>In re Ophaug</u>, 827 F.2d 340, 342 n.1 (8th
Cir. 1987), as modified by <u>Field v. Mans</u>, 516 U.S. 59, 74-75
(1995) (holding that "§ 523(a)(2)(A) requires justifiable, but
not reasonable, reliance").  Under § 523(a)(2)(B), a creditor
must prove that: (1) the debtor gave false financial statement
in writing respecting the debtor's financial condition; (2)
the financial statement is materially false; (3) the debtor
intended to deceive; and (4) the creditor reasonably relied on
the statement.  <u>In re McCleary</u>, 284 B.R. 876, 885 (Bankr. N.D.
Iowa 2002).

Under § 523(a)(4), a debt can be excepted from discharge for embezzlement. Embezzlement is "the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come." In re Phillips, 882 F.2d 302, 304 (8th Cir. 1989). In order to prove embezzlement, Plaintiff must show that (1) Debtor was entrusted with property or lawfully came into possession of property of another; (2) Debtor was under a prior restraint, whether written or verbal, as to the use of the property; and (3) the terms of restraint were violated by Debtor's use of the property. In re Belfry, 862 F.2d 661, 663 (8th Cir. 1988). Implicit in a claim of 'embezzlement' under § 523(a)(4) is a degree of fraudulent intent. In re Montgomery, 236 B.R. 914, 923 (Bankr. D.N.D. 1999); In re Moller, 2005 WL 1200916, *2 (Bankr. N.D. Iowa May 16, 2005).

Section 523(a)(6) provides that debts for "willful and malicious injury by the debtor to another entity" can be excepted from discharge. 11 U.S.C. § 523(a)(6). "Willful" and "malicious" are two separate elements and each must be proven by the plaintiff in order to receive an exception to discharge. In re Scarborough, 171 F.3d 638, 641 (8th Cir. 1999). The "willful" element of § 523(a)(6) requires Plaintiff to show that Debtor intended the injury, not that the deliberate or intentional act lead to injury. Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). Reckless or negligent conduct is not sufficient. Geiger, 523 U.S. at 62. The "malicious" element requires the plaintiff to show that Debtor's conduct was targeted at the plaintiff, at least in the sense that the conduct was certain or almost certain to cause the plaintiff harm. In re Madsen, 195 F.3d 988, 989 (8th Cir. 1999).

## ANALYSIS

Debtor argues that, as shown in statements made in depositions, in the § 341 meeting and in the motion for summary judgment and response thereto, the Bank can prove no set of facts meeting all the elements of the claims asserted in its complaint. He asserts that the Bank did not rely on any representations by Debtor to its detriment. Therefore, Debtor argues, the Bank cannot succeed in its claims under § 523(a)(2)(A) or (B). Debtor further asserts that there is no evidence that Debtor intended to harm or defraud the bank. Therefore, Debtor argues, the Bank cannot succeed in its claims under § 523(a)(4) or (6).

4

Based on the filings and arguments of counsel, it appears
that the Bank may have trouble proving some elements of its
claims.  However, issues such as intent and reliance are
generally inappropriate for resolution by summary judgment.
The same set of facts or circumstances are relevant to all of
the several exceptions to discharge pleaded by the Bank.
Granting summary judgment on some of the claims will not
facilitate these proceedings.  Therefore, the Court will deny
summary judgment on all counts and allow this matter to
proceed to trial.

**WHEREFORE**, Defendant's Motion for Summary Judgment is
DENIED.

DATED AND ENTERED: October 24, 2005


PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

5